JOHN F. HURLEY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 1, 1906.

1. PASSENGER CARRIERS: Alighting: Starting Car. Street railways are common carriers and must employ the highest degree of care towards their passengers and hold the car stationary while they are alighting; and the conductor should know that no one was getting on or off when he starts the car, and his being busy with other matters constitutes no excuse.

2. ———: ———: Instruction: Contributory Negligence. A criticism of an instruction in that it fails to submit the question of contributory negligence, is held hypercritical.

3. ———: ———: ———: Modification: Departure. An instruction relating to getting off a car in motion is held properly modified and as modified not to constitute a departure.

4. ———: ———: Verdict: Passion: Trial and Appellate Practice. Held, though the preponderance of the evidence may have been in favor of the defendant, yet there was substantial evidence to support it, and the trial judge, having approved the verdict, the appellate court will not interfere.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Halbert H. McCluer* for appellant.

(1)  The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's case and again at the conclusion of all the testimony.  Hecker v. Railroad 110 Mo. App. 165.  (2)  The court erred in giving instructions numbered one and two, asked by plaintiff, and each of them.  Willmott v. Railroad, 106 Mo. 548; Bank v. Murdock, 62 Mo. 73; May v. Crawford, 150 Mo. 528; Thomas v. Babb, 45 Mo. 384; Railroad v. Harwood, 80 Ill. 91; Maack v. Schneider, 57 Mo. App. 434; Shepherd v. Transit Co., 189 Mo. 373; Imp. Co. v. Ritchie, 143 Mo. 612; Clark v. Hamerlee, 27 Mo. 55; Connor v. Railroad, 45 Me. 662; Railroad v. Mozeley, 79 Ga. 463; Lynch v. Traction Co., 153 Pa. St. 102; Maggioli v. Transit Co., 108 Mo. App. 420; Muth v. Railroad, 87 Mo. App. 433; Stone v. Graves, 8 Mo. 148; Porter v. Hermann, 8 Cal. 619; Railroad v. Dusenberry, 94 Ala. 413; Wheeler v. Thayer, 121 Ind. 64; White v. Camp. 1 Fla. 101; Tifft v. Tifft, 4 Den. (N. Y.) 175; Jamison v. King, 50 Cal. 132; Cook v. Cox, 3 Marl. & Selwyn 113; Brown v. Keene, 8 Peters 112.  (3)  The court erred in refusing to give instruction numbered seven, as asked by defendant and in giving same as modified.  Hamilton v. Railroad, 89 S. W. 894; Peck v. Transit Co., 178 Mo. 627; Bond v. Railroad, 110 Mo. App. 131; Hecker v. Railroad, 110 Mo. App. 166; Hanheide v. Transit Co., 104 Mo. App. 330.  (4)  The court erred in not sustaining the motion for a new trial as the verdict is excessive and unjust and is clearly the result of bias and prejudice on the part of the jury.  Empey v. Cable Co., 45 Mo. App. 425; Jackson v. Railroad, 29 Mo. App. 500; Duggan v. Railroad, 46 Mo. App. 268; Jeans v. Morrison, 99 Mo. App. 217; Snyder v. Railroad, 85 Mo. App. 498; Garrett v. Grenwell, 92 Mo. 125; Kennedy v. Transit Co., 103 Mo. App. 8.

*L. A. Laughlin* for respondent.

(1)   It was the duty of the defendant's servants to watch the passengers and not to have started the car until all had alighted safely who wished to do so. Ridenhour v. Railroad, 102 Mo. 270; Nelson v. Railroad, 113 Mo. App. 702; Duffy v. Transit Co., 104 Mo. App. 235. (2)   There was absolutely no evidence that plaintiff was not exercising ordinary care in alighting if the car was standing still.   The petition alleged that the car was standing still when plaintiff attempted to alight, and that the car started up while he was in the act of alighting.   The theory of the defendant was that the car was moving when the plaintiff attempted to alight, and there was no evidence on the trial of any other act on the part of plaintiff which could be construed as negligence if he were attempting to alight while the car was standing still.   (3)   The modification of instruction numbered 7 asked by defendant which was made by the court is assailed.   (4)   Lastly, appellant says the verdict was the result of passion and prejudice because it was opposed to the evidence.   There was abundant evidence to sustain the allegations of the petition.

BROADDUS, P. J.—This is an action for damages for personal injuries received by plaintiff while alighting from defendant's street car.   On November 2, 1903, the plaintiff was a passenger on defendant's southbound Vine street car, his destination being the intersection of Thirty-third street and Woodland avenue.   The car stopped on the south side of Thirty-third street, the usual place for stopping.   The plaintiff's evidence tends to show that before the car reached the point mentioned he called out to the conductor his destination; that several passengers got off when the car stopped; that plaintiff followed immediately after a man ahead of him, but as he was stepping down from the platform the car started and threw him onto the street pavement, the

fall resulting in breaking the humerus of his right arm at the shoulder joint..

The defendant contends that the plaintiff was not entitled to recover because of his own negligence. That the car remained stationary for a sufficient length of time for a number of other passengers to get off, including a colored woman who was up in the body of the -car and had to work her way out to the vestibule, where plaintiff was standing, to get off; that the conductor who was in the body of the car attending to his duties, after he saw the colored woman get off, and not seeing any others attempting to get off, gave the signal to start when plaintiff was in the vestibule, and before he was in the act of getting off; and that plaintiff saw the conductor's arm up in the act of ringing the bell before he started to leave the car.

In order to know whether defendant's contention is good it becomes necessary to examine more in detail the evidence of the plaintiff. Plaintiff testified that when the car was approaching Thirty-third street he called out the street twice to the conductor, in a voice loud enough for him to hear the call; that he was riding in the rear vestibule of the car, which was full of people and tool boxes; that the car came to a full stop; that as soon as the car had passed Linwood boulevard (which was north of Thirty-third street) he endeavored to work his way through the mass of tool boxes piled on the floor, so as to be close to the steps when the car stopped, and as soon as the car stopped he endeavored to get to the steps to get off just as fast as he could; that there were others ahead of him getting off; that he followed the person ahead of him just as close as he could; that as he went by the door of the car he saw a blue uniformed arm up, which he judged to be that of the conductor; that he got to the first step and as soon as the man ahead got off he stepped down on the other one and while he was in the act of stepping

off, the car started suddenly and unexpectedly and he was thrown in the direction the car was going. The plaintiff was a man with only one arm. He was not holding to the handle of the car when it started, because he says it was standing perfectly still just prior to its starting.

We attached but little or no importance to that act of the conductor in raising his arm towards the bell cord. It may have signified that he was ringing a fare; at most it only indicated that he was preparing to give the signal for a prompt starting when all the passengers had gotten off or on as the case might be. It was his duty to know before giving the signal that no one was getting either on or off. It was no excuse that he was busy with other matters in the body of the car. The plaintiff had the right to assume that the conductor would not start the car while he was in the act of getting off, notwithstanding he saw his arm raised toward the bell cord.

If plaintiff's statement is true, he was using all reasonable dispatch to leave the car when it was started by the motorman. The jury evidently gave credit to his testimony as they were justified in doing. Besides he was corroborated by Ex-Governor Crittenden, whose evidence we believe was entitled to the highest credit. Mr. Crittenden stated that he noticed that the man was lame, and as he was lame himself he watched him as he was struggling to get off the car; that he was trying to swing down from the car to the street, but before he could do so, the car moved up and it threw him when he was trying to get off to about the curb of the street. The negligence of defendant consisted in starting the car while plaintiff was in the act of alighting. "Street railways are common carriers and must employ the highest degree of care towards their passengers and hold the car stationary while they are alighting."

[Nelson v. Railroad, 113 Mo. App. 702; Ridenhour v. Cable Co., 102 Mo. 270.]

The defendant objects to plaintiff's first instruction, which is as follows: "The court instructs the jury, that if you find from the evidence that on or about the second day of November, 1903, plaintiff was a passenger on a car operated by defendant in Kansas City; that when said car reached the intersection of Thirty-third street and Woodland avenue in said city, it stopped at the place where passengers were accustomed to alight at said intersection, and that while said car was standing still plaintiff undertook to alight from said car, and while he was in the act of stepping from the platform of said car to the street pavement, and before plaintiff had time to alight therefrom by using reasonable diligence and exercising ordinary care, said car was suddenly started by defendant's servants, whereby plaintiff was thrown to the pavement and injured; and should you further find that defendant's said servants failed to use the utmost care and skill which prudent men would use and exercise under similar circumstances to see either that plaintiff had alighted safely from said car or was not in a perilous position at the time of starting it, then your verdict should be for the plaintiff."

The objection is that the "instruction entirely eliminates the question of plaintiff's negligence and contributory negligence;" that "it authorized a recovery on the facts stated, so that under it, plaintiff could obtain a verdict although *not exercising due care* for his own safety;" that the words, "and before plaintiff had *time* to alight therefrom by using reasonable diligence and exercising ordinary care" did not require a finding that he was exercising care; that, "they simply referred to the length of time the car stopped, that is, did it stop sufficient time to allow him in exercising care to alight, and whether it did so stop or not, had nothing to do

with whether *he was using care;* and that, he may not have exercised proper care whether the car stopped a sufficient time for him to get off or not." The objection is hypercritical. The instruction requires the jury to find that the car was standing still when plaintiff was in the act of alighting, and before he had time to do so by using care the car was suddenly started, etc. It does not admit of the construction that his care had reference to the length of time the car was stopped, but to his care in alighting, and to defendant's negligence in starting the car while he was so alighting. It would require more than ordinary precaution in wording an instruction to escape criticism from the learned and ingenious counsel of defendant.

What has been said disposes of defendant's second objection, for it is founded upon the assumption that the point we have last described was well founded. Other objections to the instruction are not pertinent, having in fact no application. And so as to the objection to the fourth and sixth clauses of instruction two given for plaintiff.

The court refused to give defendant's instruction numbered seven, but gave it in a modified form. The instruction as asked is as follows: "The court instructs the jury that the plaintiff had no right to alight or attempt to alight from the car in question after it started or while it was in motion, and if he did so he thereby assumed all risk of danger and injury caused thereby, and if you believe and find from the evidence that after the car had started, or while it was in motion plaintiff attempted to get off the car and was thrown down by the motion of the car, then you are instructed that his injuries, if any were caused by his own fault, and you will find your verdict for defendant." The modification consisted of interjecting the words "only and without any negligence on the part of defendant's servants in charge of the," after the words, "was thrown down by the mo-

tion of the car," and before the words, "then you are instructed." The plaintiff's counsel answers the objection so plainly that we are constrained to adopt it, viz.: "The first part of the instruction sets forth clearly that the plaintiff had no right to recover if he attempted to alight from the car while it was in motion, but the latter part of the instruction as asked by the defendant was too broad and might have misled the jury. Plaintiff testified that as he was stepping from the lower step to the pavement the car started. He still continued in his attempt to step down of course. The sudden starting of the car when a person is in that position would naturally preclude the possibility of his doing anything else. He did step off the car while it was in motion and fell, but the reason he did so was because defendant's servants negligently started the car while he was in the act of getting off. The modification made by the court simply made that point clear to the jury. If the cause of the plaintiff stepping off the car while it was in motion was the negligence of defendant's servants as defined in other instructions then the defendant was not excused."

One of defendant's arguments against the modification is that there is no allegation in the petition that plaintiff was injured in attempting to get off a moving train. It is true that there is no such allegation in the petition as defendant construes it. But it does allege that the car was started while plaintiff was in the act of alighting, which in a sense means that he attempted to alight while the car was moving. And as has been said, the instruction was modified so that the jury might not be misled by the words "while said car was in motion." It seems to us that the modification was made by the court with a view to substantial justice.

Finally it is contendel that the verdict of the jury, being against the great preponderance of the evidence, implied passion, prejudice or partiality in that body.

That the preponderance of the evidence was greatly in favor of defendant may be true, but it cannot be denied that plaintiff's case was supported by much substantial testimony. The learned judge before whom the case was tried has been upon the bench for many years and we are satisfied that by his long experience he was fully qualified to weigh the force of the evidence and to judge of the credibility of the witnesses, and that he performed that duty faithfully and well, and that if there had been any evidence that the jury acted from passion, prejudice or partiality he would have promptly set the verdict aside and set down the case for a rehearing.

The case was well tried. Affirmed. All concur.

