LILLIAN GREEN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 3, 1906.

1. **PASSENGER CARRIERS: Pleading: Instruction: Alighting: Issues.** The petition averred that while the passenger was in the act of alighting and before she had time to alight, the carrier moved its street car suddenly and violently and without warning. An instruction was given that if, while the passenger was in the act of alighting and before a reasonable time to do so, the carrier started its car, the carrier was liable. *Held,* the gravamen of the action pleaded is the sudden starting of the car and that neither the time consumed in the stop nor the violent starting beyond sufficient to jeopardize the safety of the passenger was a substantive fact, nor could either serve to enlarge or abridge plaintiff's right to recover.

2. ————: ————: ————: ————: **Warning.** An instruction is held free from error in not requiring the jury to find the car started without warning, though the pleading so averred, since the evidence shows that the signal and the starting were practically simultaneous.

3. ————: **Instruction: Alighting: Moving Car: Jury.** Stepping from a moving car is not necessarily dangerous, and except where the risk is obviously such that an ordinarily prudent person would not incur it, the question is for the jury, and an instruction directing a verdict for the carrier for stepping from a moving car is held misleading, since among other things, if the car had any motion, however slight, the passenger could not recover, notwithstanding a sudden acceleration of the speed might have been the immediate cause of her injury, and on the other hand it prevented a recovery, even though the motion was inappreciable.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1)   The court erred in giving instruction number one for respondent.   Budd v. Hoffheimer, 52 Mo. 297; Turney v. Baker, 103 Mo. App. 390; Lumber Co. v. Tie Co., 87 Mo. App. 167; Mansur v. Botts, 80 Mo. 651; Koenig v. Depot Co., 173 Mo. 698; Gerber v. Kansas City, 105 Mo. 196; Meily v. Railroad, 107 Mo. App. 469; Maggiolli v. Transit Co., 108 Mo. App. 420; Heinzle v. Railroad, 182 Mo. 528.   (2)   The court erred in refusing to give instruction ten requested by the appellant. Peck v. Transit Co., 178 Mo. 624; Bond v. Railroad, 110 Mo. App. 138.

*E. N. Powell* and *Gilmore & Brown* for respondent.

Filed argument.

JOHNSON, J.—Plaintiff was a passenger on one of defendant's street railway cars in Kansas City and in attempting to alight therefrom fell and was injured. She alleges she was injured by the negligence of defendant and this action is for the recovery of the damages sustained.   The answer, in addition to a general denial, contains a plea of contributory negligence.   Plaintiff recovered judgment in the sum of $500 and defendant appealed.

When plaintiff paid her fare to the conductor she told him she wished to leave the car at Fifteenth and Olive streets, a regular stopping place for the reception and discharge of passengers.   According to the evidence of plaintiff when that point was reached the car stopped and she left her seat and walked to the rear platform for the purpose of alighting.   Other passengers with like

intent preceded her and when she reached the rear vestibule her progress was arrested by incoming passengers who boarded the car at that place. As soon as she could plaintiff proceeded to the steps and was in the act of stepping from the last one to the street when the car suddenly started and threw her down.

Defendant's witnesses say the car stopped long enough for several passengers to alight and for two to board it and then started forward at which time plaintiff suddenly left her seat, hurried to the rear platform and while the car was running at a speed of perhaps five miles per hour attempted to step from it to the street and fell.

The negligence pleaded in the petition is "that said car proceeding in a westerly direction along said Fifteenth street and when it arrived at a point near the intersection of the west line of Olive street, a street in said Kansas City, with said Fifteenth street, and at a point where the defendant is accustomed to stop its cars for the purpose of taking on and letting off passengers, the said defendant acting through its servants and agents, stopped the same; that thereupon plaintiff started to alight and while she was in the act of alighting and in the exercise of reasonable care on her part and before she had time to alight in safety from the said car the defendant, acting through its servants and agents in charge of said car, without warning, carelessly and negligently caused said car to be started forward with a sudden and violent motion whereby plaintiff was thrown from said car upon the pavement," etc.

Defendant complains of the giving of this instruction on behalf of plaintiff:

"The court instructs the jury that if you believe from the evidence that on or about the eighteenth day of May, 1904, plaintiff was a passenger on one of the defendant's cars proceeding westerly on Fifteenth street in Kansas City, Missouri, that said car stopped

at a point on said Fifteenth street at or near the intersection of said Fifteenth street with the west line of Olive street, that said point was a point where the defendant was accustomed to stop its cars for the purpose of taking on and letting off passengers, that while said car was stopped plaintiff started to alight and while she was in the act of alighting and before she had had reasonable time to alight, defendant started its car and that plaintiff was thereby thrown to the pavement and injured, and that she was at the time in the exercise of ordinary care for her own safety, then your verdict will be for the plaintiff.

"By 'ordinary' care, as used in this instruction, is meant such care as an ordinarily prudent person would exercise under like circumstances."

It is said the instruction in requiring the finding that the car was started before plaintiff "had a reasonable time to alight" enlarged the scope of the issues pleaded, since the adjective "reasonable" is omitted from the averment of the petition relating to the time allotted plaintiff in which to leave the car; also that all of the evidence including the testimony of plaintiff shows that the car was held stationary for a time reasonably sufficient to permit of her safe departure therefrom and further that the act of negligence pleaded is curtailed by the omission from the instruction of a direction to find that the car was carelessly and negligently caused to be started forward with a sudden and violent motion. These objections fall within the principles stated in the recent case of Nelson v. Railroad, 113 Mo. App. 702, and must be decided adversely to the contention of defendant.

In voluntarily assuming the task of convincing the jury that the car did not stop a reasonable length of time, plaintiff took up a burden not imposed on her by law under the facts pleaded in the petition, which were abundantly supported by her evidence. Had the car re-

mained stationary for a time sufficient to have enabled
plaintiff to alight in safety by the exercise of reasonable
diligence, this would not have justified defendant in
starting it when she was in the very act of stepping to
the street. It was the duty of the conductor before giv-
ing the signal to start to ascertain if departing passen-
gers had left the car and not to start it while any pas-
senger was in the final act of alighting therefrom. The
gravamen of the action was the sudden starting of the
car with sufficient force to cause the fall of a passenger,
who was in the act of stepping to the street and neither
the length of time consumed in the stop nor the degree
of violence that attended the starting, beyond that suffi-
cient to jeopardize the safety of the passenger, was a
substantive fact, nor could either serve to enlarge nor
abridge the plaintiff's right to recover.

Further, it is argued that the instruction is fatally
defective because the jury is not required to find that the
car was started without any warning being given to
plaintiff, while the petition contains the allegation that
no warning was given. The only warning mentioned in
the evidence was given by the conductor when he rang
the signal bell. According to the evidence of plaintiff,
she was then on the step nearest the ground in the act
of stepping therefrom and the car started before she
completed the step; and the witnesses for defendant say,
in effect, that the starting of the car immediately fol-
lowed the giving of the signal, but they place plaintiff
in the body of the car when those acts occurred. Thus,
it appears from the evidence of both parties that owing
to the close proximity in point of time of signal and
start, the latter for all practical purposes was itself the
first warning plaintiff received. Under her version of
the facts, the interim was too short for her to act on
the signal, while under that of defendant she deliber-
ately walked into danger after she had been warned by
both signal and start. In such state of facts, there was

nothing to submit to the jury on the subject of the giving of a warning of the start and the learned trial judge did not err in treating the signal and start as practically simultaneous acts and in assuming that no warning was given. The instruction is free from error.

Defendant complains of the refusal of the court to give the following instruction:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff voluntarily attempted to step off the car while it was in motion, and by reason thereof fell and was thereby injured, she cannot recover, and your verdict must be for the defendant." Though some risk be taken by a person who attempts to board or step from a moving car, it is well settled that such act is not necessarily dangerous. [Bond v. Railroad, 110 Mo. App. 131; Peck v. Transit Co., 178 Mo. 617; Newcomb v. Railroad, 182 Mo. 687; Eikenberry v. Transit Co., 103 Mo. App. 442.] Except where the risk involved in the act appears to be so great that obviously an ordinarily prudent person would not incur it, the question of the negligence of the actor is one of fact to be determined by the jury.

It is true the cause of action pleaded is the negligent act of defendant in suddenly starting a stationary car while plaintiff was stepping from it; that plaintiff must recover on the specific act of negligence charged and that she could not have recovered in this action had it appeared that she was injured while attempting to alight from a car that was moving at the time at an appreciable though slow rate of speed. In such case, her inability to recover would not be based on the assumption that she was guilty in law of contributory negligence, but on the ground that she had failed to prove the specific act of negligence pleaded.

Evidently, the instruction under consideration was intended to present a state of facts to the jury which found support in the evidence of defendant and which,

if believed, disproved the act of negligence averred, but we condemned a similar instruction in Hurley v. Railway, — Mo. App. —, 96 S. W. 714, on the ground that it was misleading and in addition to the reasons given for our conclusion in that case (which we here adopt) another may be assigned. Without qualification or exception, the instruction directs a verdict for defendant, should the jury find that plaintiff "voluntarily attempted to step off the car while it was in motion." This means that if the car had any motion at all, however slight, when plaintiff began her step to the ground, still she could not recover notwithstanding a sudden acceleration of speed might have been the immediate cause of her fall. It would be extremely harsh and technical should we say that the existence of an almost imperceptible motion when plaintiff's last step began would disprove the act of negligence charged. To have such effect, the motion of the car should be at a rate of speed that in some degree, though slight, would enhance the danger of the act. If less than this, the car for the purpose of alighting from it should be regarded as stationary. [Forrester v. Railroad, 116 Mo. App. 37.]

An instruction directing a verdict to be free from error should not be at variance with principles or rules of law applicable to a state of facts, the existence of which the jury reasonably could infer from other facts and circumstances in evidence, though it does correctly declare a principle applicable to a different state of facts likewise inferable. The jury reasonably could have inferred from all the facts and circumstances in evidence that the car was not entirely at rest when the final voluntary act of plaintiff began and, had the instruction been given, it would have compelled a verdict for defendant in such view of the facts, notwithstanding the jury further found that the motion was inappreciable.

The instruction was properly refused. The judgment is affirmed. All concur.