ANDERSON, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, May 12, 1908.**

1. **CARRIERS OF PASSENGERS: Negligence in Starting Train: Prima-Facie Case: Physical Facts.** In an action by a passenger on a railroad train for injuries received at the station when attempting to alight from the train, on account of the sudden movement of the train before she had time to alight, where the evidence showed that the train was moved towards the west and the plaintiff fell towards the west, this did not warrant a finding that she must have stepped from the train while it was in motion, that if the train had suddenly started from a stationary position when she stepped upon the platform, her feet would have been jerked from under her and she would have fallen towards the east, and if the train was in motion she would fall towards the west in the direction the train was moving, as she did; such an argument was proper for the jury to consider upon the question of plaintiff's contributory negligence, but such facts would not warrant a ruling that no prima-facie case was made out.

2. ————: ————: **Stepping from Train in Motion: Contributory Negligence.** It is not negligence *per se* for a passenger to alight from a moving train, but whether it is or not must be determined from circumstances such as the age, activity and strength of the passenger and whether the passenger was encumbered by valise or other burdens, etc.

3. ————: ————: **Variance.** In an action by a passenger against a railroad company for damages received by the sudden starting of the train before the plaintiff had time to alight at the station, where the petition alleged that the train was motionless when the plaintiff started to alight, the evidence is examined and held sufficient to justify the inference that it was motionless so that there was no variance between the testimony and the allegation.

On Motion for Rehearing.

4. **APPELLATE PRACTICE:** New Trial: Assigning Reason for Ordering New Trial. Where the appeal was from an order granting a new trial and the abstract of the record showed no ground given by the trial court for sustaining the motion for new trial except the giving of an instruction which was not contained in the abstract of the record, the judgment should be affirmed and new trial ordered.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED AND REMANDED.

*Scarritt, Scarritt & Jones* for appellant.

*P. H. Cullen* and *J. O. Barrow* for respondent.

GOODE, J.—This is an appeal from an order sustaining a motion for new trial. The reason why a new trial was granted is not stated in the order. The action is one to recover damages for an injury suffered by plaintiff while getting off one of defendant's trains at Vandalia, Missouri. She had taken passage at Mexico, Missouri, for Vandalia, where the train arrived an hour or so before midnight. According to her testimony when the train stopped at the Vandalia station, she arose from her seat, walked some twelve or eighteen feet to the door of the coach in which she had been sitting, went on the platform of the coach and as she was going down its steps to step on the station platform, the train moved and threw her off. The motion of the train came with a sudden jerk and she could not tell which way it moved. According to the evidence for defendant the train stopped a little ahead of its proper stopping place and when the conductor stepped to the station platform he signalled the engineer to back the train. It stopped the first time only a moment and then backed into the right place for passengers to get

off.    Just as the train started to back plaintiff came
to the door of the coach and was told by one of the
train crew to wait until it stopped, but she immediately
procceded down the car steps, when the porter shouted
to the passengers to wait; but she either did not hear
him or paid no attention to what he said and the mo-
tion of the train threw her to the platform where she
was injured.    It is conceded plaintiff's testimony sup-
ported the petition and tended to prove she was on the
steps of the coach and in the act of getting off when
the train moved, throwing her to the platform.    But
it is contended the fact plaintiff fell toward the west
while the train was backing, proves she stepped from
the train while it was in motion and takes out of her
testimony its probative force.    The argument is that
if the train was standing still when she attempted to
alight, a sudden motion or jerk of the car backward
toward the west would have jerked her feet westward
and she would have fallen toward the east; whereas if
she was stepping from the train as it moved toward the
west, the natural thing was for her to fall as she did.
This argument might have weight with a jury on the
question of plaintiff's contributory negligence, but has
not convinced us she made  no  prima-facie case and
that the verdict should have been allowed to stand re-
gardless of the weight of evidence.    [Hager v. Railroad,
207 Mo. 302, 105 S. W. 744.]    The jury found a ver-
dict for defendant and we are pressed to reverse the
order for new trial on the ground the physical fact of
the. direction of plaintiff's fall ought to be treated as
demonstrative proof she attempted to get off the train
while it was in motion.    As said, we do not regard said
fact as conclusive on the issue of whether the train was
moving or motionless when plaintiff stepped off.    But
granting it does prove plaintiff attempted to alight
while the train was moving, the question arises, would
this circumstance suffice, necessarily, to defeat her ac-

tion? In other words, should the order for new trial be reversed simply because the train was in motion when plaintiff stepped off, regardless of the rate of motion and other facts. An attempt to alight from a moving train is not negligence *per se*, but its speed of movement, the age, activity and strength of the passenger are relevant circumstances; and there may be other relevant facts; as for instance, that the passenger was incumbered with a valise or other burdens. [Loyd v. Railroad, 53 Mo. 509; and see generally, cases cited under section 270 of Missouri Digest, p. 2642, et seq.] Defendant's counsel do not contend to the contrary. They assume the petition alleges plaintiff attempted to get off the train while it was moving, as the direction of her fall proves this; assume also that she failed to sustain the cause of action stated in the petition in its entire scope and meaning and hence made no case. The petition alleges, in substance, when the train arrived at Vandalia, defendant negligently failed to stop it a sufficient time for plaintiff to alight, stopped it for only a short time, and the servants of defendant in charge carelessly and negligently suffered it to move with great force and violence and with a sudden jerk, and negligently failed to give any warning of its movement before starting it; that at the time the train was suddenly moved and jarred, plaintiff had stepped on the steps of one of the cars for the purpose of alighting and defendant's servants in charge of the train knew, or might have known by the exercise of ordinary care, of the movements, conduct and manifest intention of plaintiff, and said servants so negligently and carelessly demeaned themselves as aforesaid, and in consequence of said negligence, plaintiff, while attempting to alight, was violently thrown down from the car onto the platform, etc. The petition does not allege the train was moved or jarred just as plaintiff was stepping from the coach to the station platform. The process of alight-

ing included other movements by plaintiff: rising from her seat, walking to the door of the coach, stepping on its platform, going down the steps and then stepping on the station platform.    It is true the petition alleged the train was stopped only for a short time, which implies it was motionless for an instant or two, but the averments neither expressly nor inferentially say the train was in a motionless state as plaintiff raised her foot to step from the step of the coach to the platform of the station.    The averments may as well mean it was still when she reached the platform of the car.  As indicated above, she was not guilty of negligence as a matter of law, in stepping off while the train moved, unless its motion was so rapid a court could say no prudent persons would take the chance; and it is not contended the train was under so high a speed.    It is reasonable to infer from the evidence, it was motionless when plaintiff arose from her seat, and began to move while she was on the platform or the steps of the car and was thus in the act of alighting.    This being so, there was no failure of proof, or even variance between plaintiff's testimony and her petition, and the whole matter was one, not of failure of proof for the court to determine, but of contributory negligence for the jury to determine on conflicting testimony.  What we have said sufficiently distinguishes the present case from Peck v. Transit Co., 178 Mo. 617, 77 S. W. 736, and brings it within the doctrine of Hurley v. Railroad, 120 Mo. App. 262, 96 S. W. 714 and Green v. Railroad, 122 Mo. App. 647, 99 S. W. 28.

The order for new trial is affirmed and the cause remanded.    All concur.

## OPINION ON MOTION FOR REHEARING.

GOODE, J.—The foregoing opinion was delivered on the abstract of the record and the brief prepared by appellant and submitted to us.    The abstract itself does

not show in its recital of the order for new trial that the court assigned any ground, and the brief expressly states that no ground was assigned.     In its motion for rehearing appellant now says the court did assign a ground for granting the new trial, and on turning to the short transcript we find the court granted plaintiff a new trial on account of error of the court in giving "instruction F" at defendant's request.     No instruction F is contained in the abstract of the record and there, is nothing before us to show what the court meant by saying it committed error in giving an instruction thus designated.     We do not think it would be just to respondent to grant a rehearing under the circumstances. Apart from the delay which would be occasioned by appellant's manner of presenting the case, we fail to see how the result of the appeal could be changed.     No instruction has been preserved in the abstract of the record for us to review which corresponds to the one mentioned in the order for new trial and the order does not quote the supposed erroneous instruction.     The motion for rehearing will be overruled.     All concur.