CATHERINE ALTEN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 5, 1908.

1. PASSENGER CARRIERS: Alighting Passenger: Pleading: Negligence: Different Counts. Two or more consistent acts of negligence may be pleaded as the cause of an injury, and a recovery permitted on the proof of one or more of them, as, for instance, the negligent starting and stopping of the car while the passenger was alighting; and after verdict it is too late to raise the question of different counts.

2. ———: ———: Negligence: Scienter: Instruction: Evidence. Where the undisputed evidence shows the conductor's knowledge of the alighting passenger's condition an instruction need not submit such question to the jury since it is a conductor's duty to know the passenger's situation before starting his car.

3. ———: ———: ———. The care required of a passenger carrier is such care and foresight as a very prudent person would exercise under the same or similar circumstances.

4. ———: ———: Evidence: Res Gestae: Declarations: Harmless Error. The declarations of a conductor as to an accident made after the car had resumed its journey is not a part of the *res gestae* and is inadmissible; but, held, in this case harmless error, since the declarations tended to corroborate the appellant's evidence.

Appeal from Jackson Circuit Court.—*Hon. Frank P. Walsh,* Special Judge.

AFFIRMED.

*John H. Lucas* and *Halbert H. McCluer* for appellant.

(1) The court erred in refusing to give defendant's peremptory instruction, asked at the close of plaintiff's evidence and renewed at the close of all the evidence. Bond v. Railroad, 110 Mo. App. 138. (2) The court erred in giving each of the following instructions, to-wit: Instructions 1, 2, 3, 4 and 5, on behalf of the plaintiff. As to instruction one, Cramer v. Transit Co., 112 Mo. App. 363. (3) The court erred in admitting the following evidence over defendant's objections, to-wit: Evidence of the statements of the conductor in charge of the car. Wojtylak v. Coal Co., 188 Mo. 288.

*A. E. Martin* and *H. J. Latshaw,* for respondent, filed argument.

JOHNSON, J.—Plaintiff was thrown from a street car from which she was alighting and sustained personal injuries. She alleges that her fall was caused by the negligence of defendant in prematurely starting the car while she was in the act of alighting. The answer is a general denial and a plea "that if plaintiff received any injuries at the time mentioned in said petition, the same were caused by plaintiff's own fault and negligence." The trial of the cause resulted in a judgment for plaintiff for seven hundred and fifty dollars, and defendant appealed.

The injury occurred December 1, 1905, at about 5:30 o'clock at the corner of Ninth street and Cypress avenue in Kansas City. Plaintiff and her three children had become passengers on an electric car operated by defendant on the Sheffield line of its street railway

system in Kansas City. Her destination was the corner mentioned—a regular stopping place for the reception and discharge of passengers. Two of her children were girls, aged twelve and fourteen years respectively, and the third was a babe eleven months old, which she carried in her arms. The car was crowded and when it stopped at Ninth and Cypress, a number of passengers started to get off. It was stopped at the regular place for the purpose of discharging and taking on passengers. Plaintiff left her seat in the middle of the car and proceeded as expeditiously as she could to the rear vestibule. She was preceded by one of her daughters and followed by the other. The first succeeded in leaving the car while it was still stationary, but plaintiff was not so fortunate. While she was about to step from the platform to the first step, the car suddenly started forward without warning and caused her to fall to the street. It ran eight or ten feet and then suddenly stopped.

The above is the version of the occurrence given by plaintiff's witnesses and differs radically from that of defendant's witnesses. They say the car stopped and that plaintiff stepped to the street while it was stationary but in doing so made a misstep and stumbled, but did not fall. Negligence of defendant is alleged in the petition as follows: "Plaintiff states that while said car was stopped at said point under the aforesaid conditions, she attempted to alight from said car, and that before plaintiff had had a reasonable time to alight from said car, and while plaintiff was in the act of alighting from said car, the servants and agents of defendant then and there in charge of said car carelessly and negligently started up said car, thereby throwing plaintiff from said car with great force and violence to the street and pavement and injuring her as hereinafter set forth . . . that while said car was standing still as above set forth, and while

she was attempting to alight therefrom as above set forth, defendant carelessly and negligently failed and neglected to allow plaintiff a reasonable time or opportunity to alight from said car, although defendant then and there knew, or by the exercise of due care and caution could have known that plaintiff was then and there in the act of alighting from said car, and that plaintiff had not had a reasonable time or opportunity to alight from said car; and defendant then and there, and under said conditions, carelessly and negligently started said car up without warning the plaintiff of their intention so to do . . . that while she was in the act of alighting from said car at said time and place, and under the aforesaid conditions, defendant started said car up, and then immediately stopped said car with an unusually sudden and severe jerk, while plaintiff was standing upon the steps of said car ready to alight therefrom, thereby throwing plaintiff with great force and violence from said car to the street and pavement thereof, injuring her as hereinafter set forth . . . that when she was attempting to alight from said car as above set forth, said car was either standing still, or was moving so slowly that the motion was imperceptible to plaintiff."

Defendant insists that its demurrer to the evidence should have been sustained on the ground that the negligence pleaded consists solely of the act of suddenly stopping the car after starting it forward from the station and that the evidence of plaintiff does not tend to support the charge that this act was the producing cause of her injury but does show that it was the sudden starting of the car that threw her to the street. We do not adopt defendant's construction of the petition. Out of an abundance of caution and, doubtless, for the purpose of anticipating different possible phases of proof, the pleader included in the petition different statements of her cause of action. She alleged that she

was caused to fall by the sudden starting of the car
and then, to meet possible proof, alleged that her fall
was the result of the sudden stopping of the car after
it had started. These statements were not so conflict-
ing that proof of one act of negligence would disprove
the other. Negligence in stopping the car after starting
it would have been compatible with negligence in start-
ing. We think it is permissible to plead two or more
consistent acts of negligence as the cause of the in-
jury, and that a recovery should be permitted on proof
of the existence of one or more of them. Since defend-
ant did not attack the petition before trial but answered
to the merits, it is unnecessary for us to determine
whether the different statements of the cause of action
should have been separated into different counts. The
demurrer to the evidence was properly overruled.

The next error assigned relates to the following in-
struction given at the request of plaintiff. "The court
instructs the jury that if you find and believe from the
evidence that on December 1, 1905, at about 5:30
o'clock p. m. thereof, plaintiff was a passenger on one
of defendant's east-bound cars, on East Ninth street,
in Kansas City, Missouri, then it became the duty of
defendant to exercise towards plaintiff the highest rea-
sonably practical degree of care and foresight to safely
carry plaintiff and to allow her to safely alight from
said car. By the highest reasonably practical degree
of care and foresight, as used in these instructions, is
meant such care and foresight as a very prudent person
would exercise under the same or similar circumstances;
and if you find and believe from the evidence that de-
fendant failed to exercise said degree of care afore-
said, by starting up its car while plaintiff was in the
act of alighting therefrom, and before she had had a
reasonable time under all the circumstances in evidence
to alight therefrom, if you find and believe from the evi-
dence defendant did so start said car, and that plaintiff

was thereby thrown from said car onto the ground and injured, without any fault on her part contributing thereto, and while she was in the exercise of ordinary care and caution, then your verdict must be for the plaintiff."

The ground of criticism is that the instruction "ignored the question as to whether the defendant's servants operating the car in question saw or by the exercise of the proper degree of care should have seen plaintiff in the act of alighting at the time the car was started." It would sufficiently answer the objection to say that since all of the evidence of defendant is to the effect that the conductor did observe plaintiff while she was in the act of alighting, the question omitted from the instruction was not a debatable issue, and there is neither rule nor reason for requiring the submission to the jury of admitted facts, however material they may be. But defendant's conclusion is unsound for another reason. The witnesses for both parties agree that the car had stopped at the regular stopping place and passengers were getting on and off. In such situation, it was the duty of the conductor, before giving the signal to start, to know whether or not a passenger was alighting. If plaintiff was in the act of stepping from the platform, it would be no excuse for the conductor to say that he did not know that fact. In the exercise of reasonable care, he was bound to know it. [Green v. Railway, 122 Mo. App. 647; Nelson v. Railway, 113 Mo. App. 702; Hurley v. Railway, 120 Mo. App. 262.] The question under discussion was not material to the cause of action and it was not essential that the jury should consider it.

Several objections are urged against the rulings of the trial court in the admission of evidence, but only one of them is deemed worthy of notice. A witness introduced by plaintiff was permitted to testify, over the objection of defendant, to the following conversation he

had with the conductor after the car had resumed its journey: "Q. Well, what did the conductor say? A. After we got on the road aways he said that some one told him that there was a woman made a misstep back at Ninth and Cypress in getting off the car. . . . He said she didn't fall, just made a misstep."

It was error to admit this evidence. What the conductor may have said after the car had left the place clearly was no part of the *res gestae* and defendant should not be held bound by it. But we think the error was harmless. Defendant's witnesses agreed in the statement that plaintiff accidentally made a misstep but did not fall. What the conductor told the witness was merely in corroboration of this testimony and the only effect it could have had on the jury would have been in support of the theory of the defense. We do not perceive how defendant might have been injured by the error, and must rule the point against it.

A careful consideration of other claims of error convinces us that the case was fairly tried and submitted to the jury. Accordingly the judgment is affirmed. All concur.