EDITH BOLAND, Respondent, v. UNITED RAIL-
WAYS COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted October 6, 1910.
Opinion Filed October 24, 1910.

1. CARRIERS OF PASSENGERS: Street Railways: Injury to
Passenger: Premature Starting of Car: Instructions. In an
action against a street railroad company for injuries to a pas-
senger alleged to have been sustained through the negligent
starting of a car while plaintiff was boarding it, it appearing
that plaintiff had signalled the car to stop and was in the
act of boarding it when it started, an instruction for defend-
ant that if the car stopped a reasonable or sufficient length
of time for any person present to get aboard it, plaintiff could
not recover, even though she was injured by the starting of
the car while she was boarding or attempting to board it, was
erroneous.

2. ———: ———: ———: ———: Sufficiency of Evidence. In
an action against a street railroad company for injuries to
plaintiff, a passenger, while attempting to board a car, through
the sudden starting thereof, it is *held*, there was evidence
entitling plaintiff to have her case submitted to the jury.

3. TRIAL PRACTICE: Demurrer to Evidence: Introducing Evi-
dence After Demurrer Overruled. By introducing evidence af-
ter the court refuses to give an instruction in the nature of a
demurrer to the evidence, offered at the close of plaintiff's
case, defendant waives its demurrer and takes the chance
of helping plaintiff's case.

Appeal from St. Louis City Circuit Court.—*Hon.
Hugo Muench,* Judge.

AFFIRMED AND REMANDED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of
counsel.

(1) There was no error in giving defendant's
fourth instruction. Quinn v. Railroad, 218 Mo. 545.

(2)  Even though that instruction be error, it is harmless because the verdict is for the right party.  Hess v. Railroad, 127 Mo. App. 304.

REYNOLDS, P. J.—Action by plaintiff to recover damages for personal injuries alleged to have been sustained by her while in the act of boarding a car of defendant, intending to become a passenger thereon.  The car was standing at the intersection of Twenty-ninth street and Washington avenue, in the city of St. Louis, that being a regular stopping place for the reception of passengers, as averred, and the petition charges that while plaintiff "was standing upon the lower step of the rear platform of said car, and before she had a reasonable time to get on board said car, the agents and servants of the defendant in charge of said car negligently started said car and kept it in motion;" that as a result of the starting of the car, plaintiff lost her balance, fell from the step and was dragged along the street, sustaining injuries to her person and shock to her nervous system, being permanently injured.  Damages in the sum of forty-five hundred dollars are claimed.

The answer was a general denial.

At the conclusion of the evidence, at the instance of plaintiff, the court instructed the jury, in substance, that if they found from the evidence that on the day stated, defendant's employees in charge of the car, stopped it at the point specified, for the purpose of receiving plaintiff as a passenger, and that while the car was stopped, plaintiff was in the act of stepping upon the steps of said car to become a passenger thereon, that the defendant's employees in charge of and operating the car, carelessly and negligently and without warning, caused the car to be started forward before the plaintiff had a reasonable time to get upon the car and to a place of safety, and that thereby plaintiff was thrown to the ground and dragged and

injured; and if the jury further find from the evidence, that defendant's servants in charge of the car, by the exercise of the highest degree of care which would have been used by careful and skillful street railroad employees under like circumstances, would have prevented such movement of the car at such time and thereby have averted the injury to plaintiff and failed to do so; and if the jury further find from the evidence that the plaintiff, while in her attempt to board the car, was exercising ordinary care for her safety in doing so under the circumstances shown in evidence, then plaintiff was entitled to recover. Among other instructions given at the instance of the defendant, the court gave this, being instruction number four:

"The court instructs the jury that if you believe from the evidence in this case that the car in question stopped a reasonable or sufficient length of time at the place of the accident for any person or persons present, or waiting there for said car, to get aboard said car, then the plaintiff is not entitled to recover in this case even though she was caused to fall and be injured by the starting of said car, while boarding, or attempting to board the same."

Exceptions were duly saved by each side to the giving and refusal of instructions. At the conclusion of the argument the jury returned a verdict in favor of the defendant. In due time plaintiff filed a motion for a new trial, alleging among other errors, error in giving the instructions asked by defendant. The court sustained this motion, set aside the verdict and the judgment thereon and granted plaintiff a new trial, to which action and ruling of the court defendant duly excepted.

The learned trial judge handed down a memorandum, filed in the cause, of his reasons for sustaining the motion for a new trial. That memorandum, after disposing of objections assigned to the first instruction given at the instance of the defendant, proceeds: "But

an examination of instruction number four (more careful than could be given during the hurry of a trial) has convinced me that the same should not have been requested or given. By it the jury was told that if the car in question had waited at this crossing sufficiently long for persons there present to mount the same, then defendant was not liable, though it started the car while plaintiff was in the act of boarding the same. This instruction ignores as an element the possible knowledge of the car-crew that plaintiff was so in the act of coming aboard, and would excuse them, though they willfully started the car and thus endangered the person of a passenger (and any one seeking to enter a car is in law a passenger). [Devoy v. Transit Co., 192 Mo. 197, 210; Stoddard v. Railroad, 105 Mo. App. 512; Hurley v. Met. St. R. R., 120 Mo. App. 262, and other cases in this state.] The motion for new trial must therefore be sustained.'' Judgment followed, assigning as the sole ground for granting a new trial, error of the court ''in giving instruction number four in behalf of defendant.''

The only errors assigned here are to this action as to the fourth instruction—and also in sustaining the motion at all, it being claimed that even if that instruction is error, the verdict, on the evidence, was for the right party and should not be disturbed.

The learned counsel for the appellant places in parallel columns this fourth instruction and instruction 9d, given and approved in the case of Quinn v. Met. St. Ry. Co., 218 Mo. 545, 118 S. W. 46, this instruction 9d being at page 553. We have examined the statement of facts and the opinion in the Quinn case and do not think that the facts in that case which made the giving of this instruction proper, parallel the facts in the case at bar. As said by Judge GRAVES (l. c. 554), under the facts disclosed in the Quinn case, the instruction was proper. Under the facts disclosed in the case at bar, we do not think it was. Here there

was evidence tending to show that the plaintiff had signalled the car to stop, and that she was in the act of boarding it. An examination of the cases cited by the learned circuit judge in his memorandum opinion, satisfies us that his action was correct in setting aside the verdict in this case and awarding a new trial for this error.

In Stoddard v. Railroad, supra, a like instruction in a case more nearly parallel in its facts to the one at bar than the Quinn case, was refused. See that case, l. c. 522. This court (l. c. 523) held that the instruction was properly refused.

In Hurley v. Met. St. Ry. Co., supra, an instruction was asked almost in line with instruction number four here referred to and was modified by the court and then given with the addition of the words, "only and without any negligence on the part of defendant's servants in charge of the car." The Kansas City Court of Appeals (l. c. 269) held that the modification was correct and that the instruction without the modification would have been erroneous.

In Devoy v. Transit Co., supra, l. c. 210, it is held that the law deems the relation of carrier and passenger to exist when the car has been stopped on being signalled and one is in the act of getting aboard when the car starts. This latter case has many features present in the case at bar, and what is there said under the first subdivision of the opinion, at pages 211 and 212, as to the implied invitation to board a car when it stops at a place required by ordinance for passengers to enter, or implied by its stopping at a place where it is customary for it to receive passengers, or implied from its stopping on a signal, followed by an attempt to enter the car by placing a foot on the step thereof, is apposite to the facts in this case.

It is argued by the learned counsel for the plaintiff that though it be held that the defendant's fourth instruction is erroneous, yet the verdict should be al-

lowed to stand because the plaintiff made no case for the jury, and on the case as made the verdict could not have rightfully been for the plaintiff; that there is no evidence in the record tending to show plaintiff attempted to board the car before the signal to start was given; that the want of this evidence was fatal to her case; that the evidence against plaintiff's case is so overwhelming that no court would allow a verdict to stand in her favor. We have read all of the testimony in the case and cannot agree with the conclusion drawn from it by the learned counsel for the appellant. We do not think it necessary to set out the evidence in the case in detail. It is sufficient to say of it, that reading it, we are of the opinion that there was evidence on which the plaintiff, under proper instructions, was entitled to go to the jury.

It is not irrelevant to this case, however, to call attention to the fact that while defendant, at the conclusion of plaintiff's evidence, asked the court to instruct the jury that the plaintiff was not entitled to recover and that their verdict should be for defendant, by going on with its evidence after this instruction had been refused, abandoned this contention. If the appellant relied on this, which was practically a demurrer to the evidence, it should have stood on it. By introducing evidence in contradiction to that offered by the plaintiff it waived this and took the chance of helping out plaintiff's case by its own testimony. At the conclusion of the whole testimony in the case appellant, defendant below, did not again interpose a demurrer to the whole evidence but submitted instructions requiring a finding of the jury on the evidence. As said by our Supreme Court in Devoy v. St. Louis Transit Co., supra, l. c. 212, 91 S. W. 140, defendant "came dangerously near admitting below that there was a case to go to the jury, and here, comes dangerously near violating that rule of appellate proced-

ure requiring a case to be tried on appeal on the same theory it was tried below.''

These are all the assignments of error contained in the brief of learned counsel for the appellant, no counsel appearing for respondent in our court. On consideration we cannot sustain them.

The action of the circuit court in setting aside the verdict and in granting a new trial is affirmed, and the cause is remanded to that court for further proceedings in due course. *Nortoni, J.,* and *Caulfield, J.,* concur.