## HENRY KIRCHNER v. THE DETROIT CITY RAILWAY.

*Street railways—Injury to passenger—Instructions—Trial—Remarks of counsel.*

1. The charge to the jury is held not to be open to the objections made by defendant's counsel, and to have fairly submitted the contention of the parties.

2. Certain remarks of counsel are held to have been uncalled for; but in view of the failure of the opposing counsel to call the attention of the court to the effect which they were intended to have upon the jury, with a request that they be cautioned against allowing the remarks to influence their verdict, and of the fact, as shown by the record, that the remarks seem to have passed entirely from the minds of the jury, the making of the same is held to have been non-prejudicial error.

Error to Wayne. (Hosmer, J.) Argued April 6, 1892. Decided April 22, 1892.

Negligence case.    Defendant brings error.    Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman*, for appellant.

*Sidney T. Miller* (*John C. Donnelly*, of counsel), for defendant.

LONG, J.    March 14, 1890, plaintiff boarded one of defendant's cars on Gratiot avenue, intending to ride easterly as far as Mitchell avenue. He told the conductor on entering the car to let him off at that point. He took a seat inside the car. The conductor rang the bell as the car approached Mitchell avenue, and opened the door of the car. The plaintiff was carrying upon his left arm a package weighing about 15 pounds, and, as the car door opened, got up as the car was stopping, went out upon the platform, and thence upon the step, upon the right-hand side, at the rear.

The plaintiff's contention upon the trial was that he was carried across to the east side of Mitchell avenue, and there the car came to a stop, and as he attempted to step down from the step of the car, where he was standing; the conductor again rang the signal bell, and the car suddenly started forward, throwing him to the ground and breaking his leg. The plaintiff called a witness who testified that he was a truck driver, and on the day in question was near the place where the plaintiff fell, but that he did not see the accident. He saw the plaintiff trying to get up, and at that time plaintiff was on the east side of Mitchell avenue, and he took him upon his truck and carried him home. The defendant's testimony tended to show that the plaintiff, while the car was yet in motion, stepped off from it on the west side of Mitchell avenue, and that the point where he fell

was on the west side of that avenue. The conductor testified that he pulled the bell for the car to stop, and plaintiff came out and attempted to alight from the car while it was slowing down, before it came to a stop,—getting down from the car on the west side of Mitchell avenue,—and that the car did not actually stop until it got to the cross-walk on the east side; that he told plaintiff the car would stop for him. This testimony is corroborated by several other witnesses. It was also claimed by the defendant that the plaintiff, carrying this package upon his left arm, in stepping down from the car when it was in motion, failed to take hold of the railing attached to the platform to assist himself in alighting.

The court charged the jury, among other things:

"If you find in this case that while the plaintiff was attempting to alight from the car the conductor rang the bell, and the car started up, and the accident occurred in that manner, then the plaintiff would be entitled to recover, because it would amount to actionable negligence on the part of the conductor to ring the bell while the plaintiff was in the act of alighting. There can be no question about that."

The court also charged the jury:

"If you believe the plaintiff's theory, and believe that the accident occurred by reason of the negligence of the car conductor, by ringing the bell while he was in the act of alighting, then he is entitled to recover such damages as the evidence shows you he has suffered."

It is contended that this part of the charge was erroneous, for the reasons:

1. That the mere ringing of the bell while the plaintiff was in the act of alighting was not negligence *per se*, which entitled the plaintiff to a verdict.
2. That the court should have laid before the jury, in this part of the charge, all of the facts shown to exist

at the time the plaintiff attempted to alight,—that is, that he came out upon the platform, and down upon the step of the car, with this parcel in his left hand, and stood there, awaiting the stopping of the car, without taking hold of the rail to support himself in stepping down.

3. That it was the duty of the court, in connection with this portion of the charge, to have stated to the jury the claim made by the defendant, that the plaintiff alighted on the west side of Mitchell avenue before the car came to a standstill, and whatever injury he sustained was the result of his own carelessness in alighting at the time and in the manner he did.

We think the charge not open to the construction given it by defendant's counsel upon the first point here made. The charge must be taken as a whole, and we think the jury must have understood the charge to mean that it would be negligence on the part of the conductor to ring the bell and start the car while the plaintiff was attempting to alight.

We think the other two points contended for have no force whatever, in view of another portion of the charge of the court, which was given to the jury in connection with the portions before quoted, as follows:

"If, on the contrary, you believe the plaintiff attempted to alight from the street-car of the defendant while holding a large package in his left hand, and before the car was brought to a standstill, and in consequence thereof suffered the injury shown, then the plaintiff cannot recover, and your verdict must be for the defendant, because, obviously, it would be an act of negligence on his part to alight from a car which was in motion, and if he did that thing the proximate cause of the injury would be his own negligence, and not negligence on the part of the car company."

The court further in the charge directed the attention of the jury to the fact that the testimony of the witnesses for the parties was at variance upon the subject as to where the plaintiff fell; and he called the attention

of the jury to the testimony of two of the witnesses for the defendant that the accident occurred on the west side instead of the east side of Mitchell avenue, as claimed by plaintiff. We think the charge, taken as a whole, is not open to the objections made by defendant's counsel, and that it was a fair submission of the contention of the parties.

One other error is claimed. When the plaintiff called Peter Greiner, the truckman, as a witness in his behalf, and he had testified to taking the plaintiff home on his truck, and that he had had an acquaintance with plaintiff of seven or eight years' standing, he was asked the question:

"*Q.* The flushed color on his cheeks,—how long have you known his face to be in that condition?

"*A.* Ever since I knew him.

"*Defendant's Counsel:* What are you trying to prove?

"*Plaintiff's Counsel:* I have been told by defendant's counsel that intoxication of the plaintiff is the defense in the case.

"*Defendant's Counsel:* I did not tell Mr. Chipman [plaintiff's counsel] anything of the kind, and I deny that is our defense in the case. I will take an exception.

"*The Court:* If they do not seek to prove that, it may be stricken out."

It is apparent from the record that nothing further was said in reference to that subject during the continuance of the trial. It is claimed, however, by defendant's counsel, that the remark was well calculated to prejudice the jury against the defendant, and bias them in the consideration of the case, and that the remarks made by this Court in *Sweet v. Railroad Co.*, 87 Mich. 559, 572, apply with great force to the present case, and that the failure of the court to correct counsel and to strike out the remark, and to instruct the jury that they were not to consider it, was a serious error.

There would be great force in this contention had

counsel for defendant on the trial called the attention of the court to the effect which the remarks of plaintiff's counsel were intended to have upon the jury, and asked that the jury be cautioned against receiving such remarks to influence their verdict, or had counsel for defendant asked an instruction to the jury upon that subject before or at the time of the giving of the charge. But nothing of this kind was done, and apparently the remark passed entirely out of the minds of counsel, the court, and jury during the further progress of the trial. This is seen by the question asked by one of the jurors during the charge. The juror asked the court if they might be allowed to go out to the street, and see which side of the crossing the plaintiff was picked up, and he remarked:

"We don't know by the testimony whether it was the east side or the west side of the crossing."

It was upon this point that the court directed the jury that the testimony of the parties was at variance. It is thus made apparent that what was uppermost in the minds of the jury was whether the truckman picked up the plaintiff on the east side of the avenue, or whether he fell on the west side, as testified by defendant's witnesses.

The remark by plaintiff's counsel was uncalled for, and the court at that time should have cautioned the jury not to give it weight; but we cannot say its necessary tendency, in view of the facts before stated, was to prejudice the jury against the defendant, or to bias them in their judgment.

The judgment must be affirmed, with costs.

The other Justices concurred.