143 379
f154 4367

POWERS *v.* PERE MARQUETTE RAILROAD CO.

1. NEGLIGENCE—PERSONAL INJURY—CAUSE—CONJECTURE.

Where, in a personal injury case, the cause of the accident is, under the evidence, purely conjectural, the case should not be submitted to the jury.

2. SAME — PRESUMPTION — BURDEN OF PROOF — DEATH WITHOUT WITNESSES.

Where an accident resulting in the death of plaintiff's intestate occurred in the absence of witnesses, the presumption that decedent was in the exercise of due care for his own safety does not relieve plaintiff, suing for his death, of the burden of proving the negligence of defendant and that the death was caused by that negligence.

3. SAME—EVIDENCE—SUFFICIENCY—SUBMISSION TO JURY.

Where the court can see testimony from which a probability can legitimately arise in favor of a plaintiff suing for a negligent death, the cause should not be taken from the jury.

4. MASTER AND SERVANT—DEATH OF SERVANT—CAUSE—CONJECTURE.

In an action for the death of plaintiff's intestate, claimed to have been caused by the splitting of a footboard on a switch engine, evidence examined, and *held,* to raise only a conjecture as to whether the board split and caused him to fall or he fell from some other cause and the board split as it went over him, and that a verdict was properly directed for defendant.

Error to Kent; Perkins, J.. Submitted January 5, 1906.. (Docket No. 20.) Decided March 19, 1906.

Case by Mary A. Powers, administratrix of the estate of Nicholas J. Powers, deceased, against the Pere Marquette Railroad Company for the negligent killing of plaintiff's intestate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Emanuel J. Doyle* (*Francis A. Stace*, of counsel), for appellant.

*Frederick W. Stevens* (*Charles McPherson*, of counsel), for appellee.

HOOKER, J. The plaintiff's intestate was killed upon the defendant's railroad, and this action was brought to recover damages upon the ground of defendant's negligence. The deceased was an employé of defendant—i. e., a switchman — and just previous to his death was riding upon the footboard in front of defendant's switch engine. No one witnessed his fall from the engine. He was noticed when under the wheels of the engine or car, and the train was stopped. The negligence alleged is that the footboard was checked in the ends, and was supported by brackets that were too short for the purpose, extending only to within four inches from the outer edge of the footboard. The evidence showed checks in each end of the plank, and that the plank extended four inches beyond the ends of the brackets. The footboard was of oak, two inches thick. Nothing indicates that it was unsound. It was about seven inches from the top of the rails. After the accident it was found freshly split the entire length of the board, but the splits from the two ends did not meet. They were connected by slivers — one large sliver about midway between the two ends which was of the full thickness of the plank. The others were smaller, and there were more of them towards the lower or under side of the plank than above. The portion outside of the brackets was bent upward, and it was found, upon moving it, that it would remain in any position that it was left; e. g., pointing downward, or horizontally. All of the testimony tended to show that the deceased must have fallen across the track, his head outside and the feet between the rails, and that he was dragged 24 feet or more from where he was struck by the footboard. There was proof that three or four men had been upon this board at one

time shortly before the accident. It was plaintiff's theory that the splitting of the board caused her intestate to fall upon the track in front of the engine, while defendant's counsel say that the condition and position of the split portion, and the evidences of dragging, etc., indicate that it was split off and turned upward by reason of the rolling under it of the deceased, who was a man of about 170 pounds weight. It is urged that this is the more probable theory of the two, but that, if not the cause of the fall, the true cause is matter of conjecture merely. A verdict was directed for the defendant, and plaintiff has appealed.

The questions before us are two:

1. Should the court have allowed the jury to find the accident to have been caused by defendant's negligence?

2. If that would otherwise have been proper did not the deceased's assumption of the risk of riding upon the footboard in its apparent condition forbid such submission?

This court has held many times that a case should not go to a jury where, under the testimony, the cause of the accident is conjectural merely. Counsel for the plaintiff admit in their brief that this is the rule:

" That when the damages arose from one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damages were produced by the former cause; and he must fail, also, if it is just as probable that they were caused by one as the other."

But they contend that the circumstances show a probability in favor of plaintiff's theory, and that the circuit judge was of the opinion that the cause could not be disposed of as conjecture merely. The learned circuit judge did not direct a verdict upon this ground, but upon the theory of deceased's assumption of the risk. Perhaps it is inferable that counsel are right about his views. In his disposition of the case he said:

" The question is whether the weather checks, as shown by the evidence, were sufficiently dangerous to authorize

the submission of the question to the jury to determine whether or not this footboard would have split by the weight of the deceased when placed upon the outer edges thereof.   The burden of proof in a negligence case rests upon the plaintiff to establish two propositions:  *First*, the negligence of the defendant; and, *secondly*, freedom from contributory negligence on his own part, or on the intestate's part.   The plaintiff's case, therefore, must rest upon this narrow proposition :  That the checked footboard is evidence of the defendant's negligence, and that, no one having seen the deceased at the time he fell, the presumption must follow that he was in the exercise of due care and caution, and did not by any act of negligence on his part contribute to his own death.   There is some language used in the *Mynning Case* which would indicate that the plaintiff is required to show by some evidence that her intestate was in the exercise of due care in order to justify a recovery.   I cannot reconcile this language with the other proposition that, in the absence of all proof to the contrary, the legal presumption arises that a person who is killed in an accident is in the exercise of due care and caution, as held in the *Mynning Case*, in 64 Mich., at page 102, to which I have referred, and the other cases cited by plaintiff's counsel.   If there was no defect, as shown by the evidence, in this footboard, there could not in any event be a recovery; but, if the presumption is to be applied that the deceased was free from contributory negligence, as indicated by the cases referred to, and as I believe the rule to be, then the question is, Is the defect shown of sufficient importance to authorize a jury to speculate upon the probabilities of the cause of deceased's death?   Without further analysis, gentlemen, I am convinced, first, that the defect complained of in this footboard amounts to some evidence of negligence on the part of the defendant company.   While the footboard had been used almost continuously for some time, down to the time of the accident, by the deceased and others, it seems to me that under the circumstances shown there is some evidence of negligence to go to the jury."

From this we judge that he extended the rule that contributory negligence of one killed will not be presumed, when no evidence tends to show it, by substantially intimating that this presumption is sufficient to take the question of the cause of an accident out of the realm of con-

jecture.   In other words, where death raises the presumption of care on the part of the deceased, a corresponding presumption arises in support of the theory of the plaintiff, and, where any coincident negligence of the defendant is shown, it takes the case to the jury upon the assumption that, where deceased is presumed to have been free from negligence, it must follow that defendant's negligence caused the accident.

This view takes no account of the fact that a man may suffer an injury without being negligent himself, and where a defendant is not negligent, or where, being negligent, such negligence was in no way the cause of the accident.   Grant that in this case a presumption takes the place of proof of due care on the part of the deceased, does it relieve the plaintiff also from the burden of proving, as in other cases, (1) the negligence of defendant, and (2) that the *injury was caused by such negligence ?*   Upon such a theory the burden of proof, as to both of these facts, is shifted in all cases where the accident is without witnesses, except the injured party, who met death in the accident, and it would follow that many of the cases are wrongly decided; and it would seem that there is no excuse for the enunciation of the doctrine that a case should not go the jury where a verdict must rest upon a conjecture or guess, a rule which has been iterated and reiterated by many if not most courts, including our own.   See *Mynning* v. *Railroad Co.*, 64 Mich. 93; *Quincy Mining Co.* v. *Kitts*, 42 Mich. 34; *Brown* v. *Railway Co.*, 49 Mich. 153; *Mitchell* v. *Railway Co.*, 51 Mich. 236; *Stern* v. *Railroad Co.*, 76 Mich. 591; *Toomey* v. *Steel Works*, 89 Mich. 249; *Robinson* v. *Charles Wright & Co.*, 94 Mich. 286; *Manning* v. *Railway Co.*, 105 Mich. 263; *Perry* v. *Railroad Co.*, 108 Mich. 130; *Knapp* v. *Railway Co.*, 114 Mich. 201.   See 3 Elliott on Railroads, § 1299.   There is another line of cases which hold that, where a court can see testimony from which a probability can legitimately arise in favor of a plaintiff,

the cause should not be taken from the jury, and whether there is such is the controlling factor upon this point.

What is there to indicate a probability that plaintiff fell from the splitting of the board ? We have examined the proof and plaintiff's brief in vain to find a circumstance which throws any light upon the question, and are forced to say that it is as probable that he inadvertently tripped or stepped over the edge, slipped, or fell, as that his weight caused the plank so split off, thereby precipitating him upon the rails.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.