[Civil No. 1639.   Filed May 21, 1919.]

[181 Pac. 379.]

PHOENIX RAILWAY COMPANY OF ARIZONA, a Corporation, Appellant, v. ANNA L. BEALS, Appellee.

1. PLEADING — PERSONAL INJURY ACTIONS — ELECTION BETWEEN COUNTS.—In an action by a passenger against a street railroad company for personal injuries, it was permissible for plaintiff to allege that the injury was due to the negligent starting of the car while plaintiff was alighting, in one count, and in another count to allege that plaintiff's skirt was caught on a protruding bolt, and no election between the two counts was required.

2. CARRIERS — PASSENGERS — PERSONAL INJURY — EVIDENCE — SUFFICIENCY.—In a street-car passenger's action for personal injuries while alighting, the mere fact that her skirt caught on something on the car does not justify a finding of negligence on defendant's part; it appearing that it performed its duty in furnishing a car of the kind in ordinary use and in good repair.

3. CARRIERS — PERSONAL INJURY ACTIONS — EVIDENCE — QUESTION OF FACT.—In street railroad passenger's action for personal injuries while alighting from a car, due to the catching of her skirt on something and the starting of the car before she had time to alight, evidence of negligence *held* sufficient to make the question one for the jury.

4. CARRIERS—PASSENGERS—PERSONAL INJURY—PROXIMATE CAUSE.—If a street-car passenger was injured from the concurrence of the catching of her skirt on something on the car and the starting of the car before she had time to alight, that defendant was not responsible for her skirt catching does not relieve it from responsibility for the accident if it negligently started its car while plaintiff was thus embarrassed.

5. CARRIERS—PASSENGERS—PERSONAL INJURY—CAUSE.—Where a street railroad passenger was injured while alighting, due to her skirt catching on something on the car, and defendant negligently started the car while plaintiff was thus impeded, the fact of plaintiff's clothes being caught, and not the cause thereof, was proper for the jury to consider in determining whether defendant exercised due care.

6. APPEAL AND ERROR—HARMLESS ERROR—SUBMISSION OF ISSUES.— Where passenger on street-car, injured when alighting, based negligence of defendant on starting of street-car while her clothing was caught, submission of issue of defects in car, not sustained by evidence, by instruction placing burden of proof on plaintiff to show defects, was harmless error.

7. PLEADING—PLEADING AND PROOF — ALLEGATIONS NOT ESSENTIAL.— Plaintiff must prove all the material allegations of the complaint before he is entitled to relief, although he need not establish allegations not essential to the cause of action.

8. NEGLIGENCE—PLEADING — CONCURRING CAUSES OF ACCIDENT.—The plaintiff must prove the specific act of negligence assigned as cause of injury, but, if the accident resulted from concurring causes, the proof need not show that both occurred through defendant's negligence, even if it be so alleged.

9. TRIAL—INSTRUCTIONS—CONTRUCTION AS WHOLE.—Instructions must be taken and construed as a whole.

10. TRIAL—INSTRUCTIONS—IGNORING DEFENSES.—In a street-car passenger's action for injuries incurred while alighting, an instruction that the conductor started the car prematurely *held* not erroneous as ignoring the defenses of unavoidable accident or contributory negligence in view of the pleading and proof.

11. TRIAL—INSTRUCTIONS—IGNORING EVIDENCE.—In a street-car passenger's action for injuries incurred when alighting from a car, instruction that defendant was liable if it started its car prematurely was not erroneous as ignoring knowledge or want of knowledge that plaintiff was alighting when the car was started; it being defendant's duty to know whether plaintiff had alighted before starting the car.

12. CARRIERS — ACTIONS FOR NEGLIGENCE — ALIGHTING FROM CAR.—A street railroad company is under the duty of observing whether a passenger has actually alighted before starting the car.

13. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.—It was not error to refuse a new trial for newly discovered evidence in an action for injuries to a street-car passenger, where it appeared that defendant might have discovered such evidence by the exercise of due diligence.

APPEAL from a judgment of the Superior Court of the county of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Chalmers, Stahl, Fennemore & Longan and Mr. Will E. Ryan, for Appellant.

Mr. Barnett E. Marks, for Appellee.

ROSS, J.—Plaintiff, suing defendant for damages for personal injuries received while she was a passenger on one of its street-cars, set forth her cause of action in two counts. In the first count it was alleged that the street-car on which she was riding stopped at the intersection of Washington Street and Central Avenue, Phoenix, and that, "while plaintiff was in the act of alighting from said car, and before plaintiff had time to alight and reach the pavement in safety, the defendant's servants carelessly, recklessly and negligently started said car in motion, causing plaintiff to fall to the pavement with great force and violence."

The negligence charged in the second count is neglect and failure "to keep its car in good condition and free from protruding bolts or other obstacles or parts of said car which could or would catch plaintiff's skirts," and by reason thereof "this plaintiff's skirt caught in a bolt or some other obstacle or part of said car, and while plaintiff was about to alight, this defendant, through its servants then in charge of said car, carelessly, negligently, and recklessly started said car in motion, and, because of plaintiff's skirt being caught on some obstacle as aforesaid, and because of defendant starting said car before plaintiff had reached the pavement in safety, plaintiff was thrown on the pavement with great force and violence."

The issues tendered were met by a general demurrer and general denial, and an affirmative defense that plaintiff was injured, if at all, through her own carelessness or omission or negligence or inadvertence by falling "upon the pavement at or near the intersection of Washington and Central Streets . . . at a place entirely removed from and apart from the car of this defendant."

From a verdict and judgment in favor of plaintiff, this appeal is prosecuted.

The errors assigned as occurring at the trial prejudicial to the rights of defendant may, we think, be designated under five headings: First, the refusal of the court to require the appellee to elect upon which count of her complaint she would ask a verdict; second, the refusal of the court to instruct a verdict for defendant as requested because of insufficient evidence to support the allegations of the complaint; third, in not taking from the jury all consideration of the alleged unsafe condition of the car by reason of the protruding bolts, etc., upon which plaintiff's skirt was said to have caught for the reason that there was no evidence of any protruding bolts or other obstacles, or that defendant's car was defective; fourth, in erroneously instructing the jury and in failing to instruct as requested and in modifying certain instructions requested by defendant; and, fifth, in refusing to grant a new trial upon the showing of newly discovered evidence.

The first assignment is without merit. It is permissible under the law for a party to state his cause of action in one or more counts as the facts of his case may seem to him to demand or require. The pleader cannot always know or anticipate what the proof may develop so as confidently to rely upon a single statement of his cause of action. The privilege of stating his cause in different counts is granted so that a party whose cause is just may not be nonsuited or dismissed because of a variance in the pleadings and proof, or because of a failure to sustain one count when the evidence is sufficient to support another. And the case may be submitted on all the issues finding support in the evidence. *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538; *Paducah Traction Co.* v. *Baker,* 130 Ky. 360, 18 L. R. A. (N. S.) 1185, 113 S. W. 449.

The second and third points above stated are so closely related we will consider them together. The contention of appellant is that the undisputed evidence shows that the cause of the accident in which appellee was injured was the catching of her skirt on something as she was alighting, that the car did not start until after she was falling, and that it was the catching of her skirt on something for which appellant was not responsible, and not the starting of the car, that caused her to fall. In other words, it is claimed plaintiff would have fallen if the car had not started as it did, or at least that it may not be definitely determined to which cause,

the catching of her clothes or the starting of the car, the jury credited the accident.

The appellee's explanation as to how the accident happened was:

"I proceeded to get off the car and my dress caught on a bolt or something in the car which held me, and I just had one foot from the car, and they started the car and threw me to the pavement and tore my dress."

On cross-examination:

"Q. What did you do after it stopped? A. I started to get off the car. Q. Then the car started again? A. Yes, sir; it did. Q. Where were you when it started? A. I was falling to the pavement. Q. When it started? A. Yes, sir. Q. What was it that threw you to the pavement, Mrs. Beals, the starting of the car or the catching of your dress? A. Well, the starting of the car would have thrown me to the pavement. Q. I want to know just what it was, the starting of the car or the catching of your dress? A. The starting of the car, I suppose. I don't quite understand you. Q. Explain what occurred, Mrs. Beals, when you fell, in the best language you can and as you remember it. A. When I went to step down from the car, my dress caught on a bolt in the car, as well as I remember, and I well remember the bell rung for the car to start, and then I didn't remember anything about it until after I had gotten upon my feet after I was hurt. No; I had just started to make one step when my dress had caught, one foot was just inside the car. Q. One foot was out, just making the step, and the other part of your body was in the car? A. Yes, sir. Q. Then in this case you were stepping just out of the car, and your right foot was out? A. Yes, sir. Q. And the car gave a lurch forward and you were thrown forward on your face? A. Yes, sir. Q. Do you recall what your dress caught on? A. As to that, I cannot say, but my dress caught on something. Q. Did you disengage your dress yourself? A. Why, no; when I was thrown from the car, I guess it must have torn loose some way. Q. Your dress was caught on the car and holding you back, and would it not be natural for you to lean around and disengage your dress? A. I don't think so unless I had had my foot on the car. If I had had my foot on the car, I might have loosened the dress. Q. Where were your feet?

A. I was just stepping off the car.   Q. Then he stopped, and you immediately went to get off, and your dress caught, and the car immediately started across the street.   Is that true? A. Yes, sir."

Witnesses Toller and Gregg in their testimony corroborated the appellee to some extent, the latter stating:

"I noticed her skirt was caught, and just at that time he started the car, and of course he didn't have to move very far; the pull of the skirt could have throwed her off—pull her feet out from under her.   I know her skirt was caught on something on the car."

This testimony, if believed, showed that just as plaintiff was in the act of alighting her skirt caught on something and before she could disengage herself, and before she had alighted, the car suddenly started, throwing her to the pavement.

If it be true that the sole cause of the accident was due to plaintiff's skirt catching on something, it seems from the law that the existence of that "something" must be the result of the nonperformance of a duty owed by defendant to plaintiff before a recovery could be had.   No faulty impairment or construction of the car being shown, the implication of negligence on the part of defendant from the mere fact that plaintiff's skirt caught on something is not justified.   Whatever may have been the cause of her skirt catching that fact alone is not sufficient evidence of negligence; it appearing that defendant performed its duty in furnishing a car of the kind in ordinary use and in good repair.

The defendant is not an insurer, and is not liable for all accidents that may happen to a passenger, but only those that occur through its negligence.   If it furnished the plaintiff a reasonably safe car on which to ride, notwithstanding she became entangled in her skirts, or her skirts caught on something, which "something" she is unable to point out as existing because of the defendant's negligence, no presumption of negligence may be indulged.   Negligence may not be based on a conjecture or a guess, nor may negligence in such circumstances be inferred from an accident only, as all accidents are not caused by negligence.   *Powers* v. *Pere Marquette R. R. Co.*, 143 Mich. 379, 106 N. W. 1117; *Gulf, C. & S. F. Ry. Co.* v. *Davis* (Tex. Civ. App.), 161 S. W. 933.

But, assuming an entire absence of evidence showing protruding bolts or other defects in the car, we think the request for an instructed verdict was properly denied for the reason the complaint did not assign the catching of her garment thereon as the cause, or at least the sole cause of the accident; the allegation being that the two causes concurred in effecting her fall, to wit, the catching of her skirt on something and the starting of the car before she had time to alight. Whether this allegation of negligence was sustained by the evidence or not was a question of fact for the jury, and, in view of their verdict, we must conclude that they resolved it in favor of the plaintiff's contention. If the accident happened from the concurrence of the two causes assigned, the fact that defendant was not responsible for her skirt catching would not relieve it from responsibility for the accident if it was negligent in starting its car while plaintiff was thus embarrassed. We take the statement of the law in that regard as made by the supreme court of Washington in *Goe* v. *Northern Pac. Ry. Co.*, 30 Wash. 654, 71 Pac. 182, as follows:

". . . . It is well established that, where the primary cause of an injury is a pure accident, occasioned without fault of the injured party, if the negligent act of the defendant is a co-operating or culminating cause of the injury, or if the accident would not have resulted in the injury excepting for the negligent act, the negligence is the proximate cause of injury for which damages may be recovered."

See, also, *Rice v. Puget Sound Traction etc. Co.*, 80 Wash. 47, L. R. A. 1915A, 797, 141 Pac. 191; *Hendrickson* v. *Gray Harbor Ry. & Light Co.*, 88 Wash. 145, 152 Pac. 992; *St. Louis & S. F. Ry. Co.* v. *Bell* (Okl.), L. R. A. 1917A, 543, 159 Pac. 336; *Miller* v. *Northern Pac. Ry. Co.*, 24 Idaho, 567, Ann. Cas. 1915C, 1214, 48 L. R. A. (N. S.) 700, 135 Pac. 845; *Carlock* v. *Denver & R. G. Co.*, 55 Colo. 146, 133 Pac. 1103; 29 Cyc. 496.

It is claimed the court should never have submitted in its instructions the question made by the complaint as to the defects in the car, as none was shown by the evidence. There was evidence to the effect that plaintiff's skirt caught on something, and, regardless of how it was caused, whether from defects in the car or from some unaccountable reason, it cannot affect the responsibility of the defendant for the accident if, while she was thus embarrassed or impeded, the

defendant negligently started the car, and in that manner caused her to fall to the pavement. It was the fact of the plaintiff's clothes being caught, and not the cause thereof, that was proper for the jury to consider in determining whether the defendant exercised that high degree of care, under the circumstances, imposed on a carrier of passengers. If that be true, as a proposition of law, and we have no doubt it is, both the allegations and the evidence as to the defective condition of the car were immaterial, and the instructions thereon placing the burden of proving the defect upon the plaintiff could not have militated against the defendant to its injury.

In *Kirby* v. *St. Louis & S. F. Ry. Co.*, 146 Mo. App. 304, 130 S. W. 69, the question arose as to whether there was a failure of proof, it being contended that because one of the causes of the accident assigned was not sustained by the evidence, there could be no recovery. The court, in disposing of the contention, said (146 Mo. App. 310, 130 S. W. 71):

"The first question necessary to be determined is: What was the ground of negligence charged against the defendant? It seems to us that a fair interpretation of this charge fixes the gravamen of the charge as the failure to hold the train a sufficient length of time to permit plaintiff to alight therefrom. It clearly does make this charge, and this was all that was necessary for plaintiff to charge and prove in order to make a *prima facie* case against defendant. *Hurt* v. *Railroad*, 94 Mo. 255, 262, 4 Am. St. Rep. 374, 7 S. W. 1; *Straus* v. *Railroad*, 75 Mo. 185; *Fillingham* v. *Transit Co.*, 102 Mo. App. 573, 582, 77 S. W. 314; *Shareman* v. *Transit Co.*, 103 Mo. App. 515, 525, 78 S. W. 846. The other allegations of the petition charging that the train was caused to move forward with a violent and sudden jerk, lurch, and bound were unnecessary allegations, and we can see no reason why plaintiff, by reason of having made these allegations when they were entirely unnecessary, should be required to prove them before making a case sufficient to go to the jury when to prove the other allegation was of itself sufficient. *Nelson* v. *Railroad Co.*, 113 Mo. App. 702, 88 S. W. 1119; *Green* v. *Railroad Co.*, 122 Mo. App. 647, 99 S. W. 28. The demurrer to the testimony was properly refused."

The defendant's contention on this point is not entitled to as favorable consideration as it would be had it raised the

question in some manner at the trial. It asked no instruction to exclude the question from the jury. In its request for an instructed verdict, it did not raise the point. No contention on the point was made until after the verdict. The instruction, as a matter of law, was more .favorable to defendant than to plaintiff. It required the jury to find that plaintiff's skirt caught on something, the existence of which was due to a nonperformance of a duty by defendant, whereas, as we have seen, it was the fact of her skirt being caught, and not the cause thereof, together with the starting of the car while she was in the act of alighting, that fixed or tended to fix liability upon defendant.

It is a rule of pleading that plaintiff must prove all the material allegations of her complaint before she is entitled to relief, but that does not mean that she is required to establish allegations not essential to her cause of action. In personal injury cases the plaintiff must prove the specific act of negligence assigned as the cause of her injury (*Scalpino* v. *Smith,* 154 Mo. App. 524, 135 S. W. 1000), but, if the accident resulted from concurring causes, it is not necessary that the proof show both occurred through the negligence of the defendant, even though it be so alleged, for the reason the law will hold the defendant liable if one of the concurring acts of negligence is directly chargeable to defendant and is the proximate cause of the accident.

Before taking up for consideration the assignments based upon the giving and refusing of instructions, we will state defendant's theory of the case. It was that plaintiff, at the time of her injury, had ceased to be a passenger, had alighted safely on the pavement, and progressed from six to eight feet across the street toward the sidewalk when she stumbled and fell. This theory was set forth in its answer and found support in the defendant's evidence. In addition, defendant denied all the allegations of the complaint except that it was a corporation operating a street railway in the city of Phoenix. It was abundantly shown that plaintiff boarded defendant's car at Washington and Seventh Streets; that she paid her fare; that the car stopped at Central Avenue and Washington Street, and that here she got off of the car, according to the defendant's theory, safely, suffering a misadventure after she had alighted; the plaintiff's theory being that, while she was in the act of alighting, her skirt became at-

tached to something, and before she had time to alight the car started and threw her to the pavement.

Complaint is made that the theory of the defendant was not stated correctly in the first instruction given by the court. This instruction reads:

"The plaintiff asks for damages in this case for a sum not to exceed $10,000 on the two counts, one of them being falling from the car while in motion, and the other her skirt being caught on some obstruction in the car while leaving the car. Defendant denies these things, and maintains that there is no liability whatever, and these are the matters for you to decide from the evidence having been heard by you."

It may be admitted that this is a rather lean and imperfect statement of the issues, and if it stood alone, unaided by other instructions, would be subject to most severe criticism.

In another instruction plaintiff's theory of the case as contained in her complaint and presented at the trial was fully and completely submitted to the jury. They were required to find:

"That while she was in the act of alighting from said car, her skirt caught on some portion of said car, or on some obstacle protruding from said car because said car was not in a reasonably safe condition and repair, and that the employees of the defendant company started said car forward in motion as she was alighting from said car, all of which caused the plaintiff to be thrown to the ground and injured, . . . " and that, if the "act in so causing the said car to be started in motion as aforesaid amounted to a want of such care as devolves on a carrier of passengers as defined in the previous instructions I have given you, and that, as a direct consequence of such omission of such care by said employees of the defendant, Anna L. Beals, received injuries, then your verdict should be for her."

As heretofore indicated, this instruction in placing the burden of proving the cause of her clothes catching on something to be due to the negligence of defendant was in defendant's favor, as it was the fact of her embarrassed situation, and not the cause thereof, unless traceable to some fault of hers, together with the starting of the car, that was assigned in her complaint, as the proximate cause of the accident. The defendant's theory was stated to the jury, not once, but several times, in such language as:

"If you believe from the evidence that the injuries sustained by her were not due to negligence on the part of the defendant's servants, but were due to mere accident or misadventure, then and in that case your ·verdict shall be for the defendant''; and ''if . . . such injury occurred by reason of her falling immediately after she had alighted from the car, and that her fall was not caused by the starting of the defendant's car in a negligent manner by defendant's servants, nor by the catching of plaintiff's skirt on some obstacle on said car, then she cannot recover in this action''; and ''if the railroad company on its part is properly discharging its duties, and a passenger is hurt from a cause disconnected, over which the railroad has not control, or if the passenger is hurt by reason of his or her own conduct or misconduct amounting to contributory negligence, and the act or doing of the railroad company in no way contributed towards it, or if the passenger's conduct was the primary or real reason of his or her injury, the railroad company would not be responsible, and your verdict will be for the defendant.''

Thus it is seen that, though the first instruction inadequately and meagerly stated the issues and theories of the respective parties, the deficiencies were supplied by subsequent instructions. It is a rule in this jurisdiction—and we believe of universal application—that the instructions must be taken and construed as a whole, and, when the ones given in this case are so considered, the appellant's complaint is without merit.

Complaint is made of instruction No. 4, which is as follows:

"If you find in this case that, while the plaintiff was attempting to alight from the car and the conductor rang the bell, and the car started up, and the accident occurred in that manner, then the plaintiff would be entitled to recover because it would amount to actionable negligence on the part of the conductor to ring the bell and the car to start while the plaintiff was in the act of alighting. There can be no question about that.''

It is contended this instruction is bad because it ignores ''complete defenses or elements of defense such as unavoidable accident or negligence of the plaintiff herself amounting to contributory negligence or failure of plaintiff to use ordinary care for her own safety.''

Defendant forgets that there was no plea of contributory negligence, and that there was absolutely no evidence introduced in its behalf showing or tending to show plaintiff was injured until after she had ceased to be a passenger. The conductor testified he saw plaintiff alight, and that she was clear of the car before he rang the bell for the car to start, and this was the contention throughout.

The instruction would be objectionable in this form if defendant had pleaded the accident happened while plaintiff was alighting through her negligence, and supported it by some evidence, but no such issue was before the jury. The proof, under the general denial of the defendant, was limited to the affirmative defense of the misadventure after plaintiff was no longer a passenger.

It is also contended the instruction overlooks and ignores knowledge or want of knowledge of defendant's servants that plaintiff was alighting at the time the car was started. It is undisputed that the intersection of Washington Street and Central Avenue was a safety stop; that all cars stopped there to let off and take on passengers, and, while defendant's conductor disputes it, plaintiff testified she told him when she paid her fare that she wanted to get off at Central Avenue. In view of these facts, we think it was the duty of defendant to know whether plaintiff had alighted before starting the car. The rule in that regard is stated in 10 C. J. 948, section 1367, as follows:

"Regardless of the length of time for which the car is stopped, and although it is stopped for a length of time which would be reasonable under ordinary conditions, if the conductor or the motorman in charge of the car knows or has reason to know that a passenger is in the act of boarding or alighting, it is negligence suddenly or recklessly to start or otherwise to move the car, whereby the passenger is injured."

The identical instruction was approved in *Kirchner* v. *Detroit City Ry. Co.,* 91 Mich. 400, 51 N. W. 1059.

It is contended that instruction No. 5 was erroneous. This instruction was approved in *Crump* v. *Davis,* 33 Ind. App. 88, 70 N. E. 886, as a correct statement of the law. The duty of a street-car company to deliver its passengers is stated by Mr. Chief Justice FULLER in *Washington etc. R. R. Co.* v. *Harmon's Admr.,* 147 U. S. 571, reading at page 583, 13 Sup. Ct. Rep. 557, at page 561 (37 L. Ed. 284), as follows:

"The duty resting upon the defendant was to deliver its passenger, and that involved the duty of observing whether he had actually alighted before the car was started again. If the conductor failed to attend to that duty, and did not give the passenger time enough to get off before the car started, it was necessarily this neglect of duty that did the mischief. It was not a duty due to a person solely because he was in danger of being hurt, but a duty owed to a person whom the defendant had undertaken to deliver, and who was entitled to be delivered safely by being allowed to alight without danger."

The other complaints of instructions given—and they go to practically all of the instructions—have either been covered by what has already been said or are not of enough importance to deserve special notice. The refusal to give certain instructions requested by defendant, and the modification of others, is made the basis of assigned error, but we have come to the conclusion that those that were refused were fully covered or were properly refused, and that the modifications complained of were not error.

It is earnestly urged that the showing of newly discovered evidence was amply sufficient to require the trial court to grant a new trial, and that his refusal to do so was an abuse of discretion and was error. The showing made on motion for a new trial was that one E. P. Fuller would testify upon a retrial that on the day plaintiff was injured he was standing at the corner of Washington Street and Central Avenue at the time she got off of defendant's car; that he saw a lady "alight from said car and traverse a distance of several feet from said car, and then apparently stumble and fall upon the pavement; that at the time said lady fell, she was entirely clear of said car, and her fall was not caused by being caught upon the car in any manner or by any sudden starting of said car. . . . "

The date of the accident was October 25, 1916, and the case was tried the early part of December, 1917. Fuller did not tell defendant or anyone representing it what he saw until after the trial in December, 1917; and it is also made to appear that none of the agents or servants of defendant knew that he would testify as stated until about December 8, 1917. The defendant's claim agent made affidavit of diligence, in which he shows that on October 25, 1916, the accident was

reported to him, and thereafter until the trial he continually endeavored to locate any and all persons who might have seen what occurred at the time and place plaintiff claims to have been injured; that he found two persons, to wit, R. P. Serrana and J. A. Rose, who stated to him they saw plaintiff fall on the pavement after she had left the car, but they did not see her get off the car; that these two witnesses remained in the jurisdiction of the court until just before the trial, when they disappeared, and were not to be had for the trial; that he tried to find others who saw or might have seen what happened at the time of the accident, but was unsuccessful; that he only learned of Fuller's seeing it after the trial.

In passing upon this assignment, we are met with this rule:

"While newly discovered evidence material to the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, is ground for a new trial, applications on this ground are not favored by the courts. . . . Such applications should always be subjected to the closest scrutiny by the court, and the burden is upon the applicant to rebut the presumption that the verdict is correct, and that there has been a lack of due diligence. The matter is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in a case of manifest abuse." 20 R. C. L., § 72, p. 289.

The proposed evidence of Serrana and Rose was not newly discovered. It was known to the defendant before the trial, and if it considered the evidence of these two witnesses material, it should have asked for a postponement of the trial until their attendance could be had. *Chenoweth* v. *Prewett,* 17 Ariz. 400, 153 Pac. 420. No such request was made.

Fuller's testimony was cumulative. The defendant's conductor had testified to the same things Fuller claims took place. His added weight to defendant's testimony, the trial court evidently concluded, would not change the result if a new trial were granted. Then it does seem that defendant, if its version of what happened is true, could have found, with its facilities, other witnesses who would have testified to it. It developed in the course of the trial that after plaintiff got off of the car one man, an elderly gentleman, was on the car going to the fair grounds. Two other men boarded the car at the place she got off, and it appears that other per-

sons were present at the time it is claimed the accident happened. Indeed, it is not unreasonable to assume that at the time of the accident—the middle of the afternoon—there were many people in the vicinity of the intersection of Washington Street and Central Avenue. It is possible, of course, that none of them saw the occurrence, and it is also possible defendant could not locate them, or any others than the three mentioned in its motion for a new trial, but it seems to us the passengers at the time, and bystanders, might have been found with proper diligence. We conclude it was not error, under the circumstances, to refuse the new trial for newly discovered evidence.

The judgment is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.

As to duty of street-car conductor to see that passenger is off before starting the car, see note in 11 L. R. A. (N. S.) 140.